Model Plan                                                                                                                                        Trustee: ☐ Marshall    ☐ Meyer
11/22/2013                                                                                                                                                                   ☐ Stearns    ■ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. **15-39772** |
| | ) | |
| **Lola Bell Owens** | ) | |
| | ) | |
| Debtors. | ) | Modified Chapter 13 Plan, dated 1/19/16 |

■    A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **59**; (c) total household monthly income is $ **6,015.97**; and (d) total monthly household expenses are $ **1,862.00**, leaving $ **4,153.97** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __4,053.00__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __243,180.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __5.00__% of plan payments; and during the initial plan term, totaling $ __12,159.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: __Neighborhood Lending Services (1st)__    Collateral: __1551 S. St. Louis Avenue, Chicago, Illinois 60623__

**2**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**Multi-Unit Building**
**Purchased in 2011 (Purchase Price $210,000)**
**Value Appraisal**
**PIN#: 16-23-224-019-0000**

Amount of secured claim: $ **125,000.00** APR **4.25** %   Fixed monthly payment:$ **3,502.09** ;
Total estimated payments, including interest, on the claim: $**133,874.49**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **133,874.49** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
(a) Creditor: **Neighborhood Lending Services (2nd)**     Collateral:**1551 S. St. Louis Avenue, Chicago, Illinois 60623**
**Multi-Unit Building**
**Purchased in 2011 (Purchase Price $210,000)**
**Value Appraisal**
**PIN#: 16-23-224-019-0000**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **2,420.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:    **-NONE-**    shall be paid at    **N/A**   % of the allowed amount. The total of all payments to this special class is estimated to be $    **N/A**    . [Enter this amount on Line 2g of Section H.]

Reason for the special class:      **N/A**      .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than  **10** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as

**3**

secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee
(subject to Paragraph 2 of Section D) $ __243,180.00__

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
  (a) Trustee's fees $ __12,159.00__
  (b) Current mortgage payments $ __0.00__
  (c) Payments of other allowed secured claims $ __133,874.49__
  (d) Priority payments to debtor's attorney $ __2,420.00__
  (e) Payments of mortgage arrears $ __0.00__
  (f) Payments of non-attorney priority claims $ __0.00__
  (g) Payments of specially classified unsecured claims $ __0.00__
  (h) Total *[add Lines 2a through 2g]* $ __148,453.49__

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* $ __94,726.51__

(4) Estimated payments required after initial plan term:
  (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) $ __248,403.00__
  (b) Minimum GUC payment percentage __10__ %
  (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* $ __24,840.30__
  (d) Estimated interest payments on unsecured claims $ __0.00__
  (e) Total of GUC and interest payments *[add Lines 4c and 4d]* $ __24,840.30__
  (f) Payments available during initial term *[enter Line 3]* $ __94,726.51__
  (g) Additional payments required *[subtract Line 4f from Line 4e]* $ __-69,886.21__

(5) Additional payments available:

|  |  |  |
|---|---|---|
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ | N/A |
| (b) Months in maximum plan term after initial term |  | N/A |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing
*Payroll*       the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of
*Control*       Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case,
                details of the deductions from each spouse's wages are set out in Section G.

**Signatures**  Debtor(s) [Sign only if not represented by an attorney]

_____    _____    Date _____

**Debtor's Attorney**    /s/ Paul Bach    Date January 19, 2016

*Attorney Information (name, address, telephone, etc.)*

Paul Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Pursuant to Section 1325(a)(5), Debtor is cramming down the balance owed to Neighborhood Lending Services, Inc. relating to the residential property located at 1551 S. St. Louis Avenue, Chicago, Illinois to its fair market value of $125,000.00.  The allowed unsecured non priority claim of Neighborhood Lending Services, Inc. in excess of the allowed secured claim of $125,000.00 shall be treated as a Unsecured General Nonpriority claim.  Neighborhood Lending Services, Inc. shall release its lien against the aforementioned property upon discharge.

2. The value of any allowed second priority claim by Neighborhood Lending Services Inc.'s claim on Debtor's property located at 1551 S. St. Louis Avenue, Chicago, Illinois, is valued at zero. Consequently, Neighborhood Lending Services's 2nd mortgage lien shall be stripped from the property upon discharge and will be paid as an unsecured claim during the plan.  Neighborhood Lending Services shall release its lien against the aforementioned property upon discharge.

3. Debtors shall assume the residential lease with George Brian Owens

4. Debtors shall assume the residential lease with Andre and Louise Trent.

5. Debtors shall assume the residential lease with Shantell Willis.

6. Debtors shall assume the residential lease with Larry Coburn.

7. Debtor shall make direct payments to all student loan companies for the student loans. All student loan companies are authorized to send monthly statements directly to the Debtor.

8. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

```
                            United States Bankruptcy Court
                             Northern District of Illinois

In re:                                                             Case No. 15-39772-JPC
Lola Bell Owens                                                    Chapter 13
         Debtor
                                   CERTIFICATE OF NOTICE
District/off: 0752-1          User: dgomez                 Page 1 of 2                  Date Rcvd: Jan 20, 2016
                              Form ID: pdf003              Total Noticed: 69

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 22, 2016.
db             +Lola Bell Owens,    1551 S. St. Louis Avenue, #1,    Chicago, IL 60623-2283
23953744       +Atlantic Credit & Finance Inc.,    C/O RA Lexis Document Services, Inc.,
                 801 Adlai Stevenson Drive,    Springfield, IL 62703-4261
23953748       +BarClays Bank PLC,    PO Box 8803,    Wilmington, DE 19899-8803
23953745       +Barclay Bank,    P.O Box 13337,    Philadelphia, PA 19101-3337
23953746       +Barclay Estates Neighborhood Association,    c/o John Bickley III,
                 750 Lake Cook Road, Suite 350,    Buffalo Grove, IL 60089-2088
23953747       +Barclays Bank Delaware,    Po Box 8801,    Wilmington, DE 19899-8801
23953749       +Blatt Hasenmiller F L,    125 S. Wacker Drive #400,    Chicago, IL 60606-4440
23953750       +Blatt, Hasenmiller, Leibsker and Moore,,    10 South LaSalle Street,    Suite 2200,
                 Chicago, IL 60603-1069
23953753       +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
23953755       +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
23953758       +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
23953759       +Chase,    3415 Vision Drive,    Mail Code OH4-7142,    Columbus, OH 43219-6009
23953760       +Computer Credit,    Po Box 4052,    Carol Stream, IL 60197-4052
23953761       +Computer Credit, Inc - Claim Dept.003482,    640 West Fourth Street,    Post Office Box 5238,
                 Winston Salem, NC 27113-5238
23953762       +Computer Credit, Inc.,    640 West Fourth Street,    PO Box 5238,    Winston Salem, NC 27113-5238
23953763       +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
23953764       +Cook County State's Attorney,    69 W. Washington, Suite 3200,    Chicago, IL 60602-3174
23953768      ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
               (address filed with court: Direct TV,     Corporate Office,    PO Box 6550,    Englewood, CO 80155)
23953767        Direct TV,    PO Box 69,    Columbus, OH 43216
23953769        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23953770       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23953773      ++FOCUS RECEIVABLES MANAGEMENT LLC,    1130 NORTHCHASE PARKWAY STE 150,    MARIETTA GA 30067-6429
               (address filed with court: Focus Receivables Management,     1130 Northchase Parkway, Suite 150,
                 Marietta, GA 30067)
23953771       +First National Collect,    610 Waltham Way,    Sparks, NV 89434-6695
23953772       +First National Collection Bureau Inc,    610 Waltham Way,    Sparks, NV 89434-6695
23953774       +Freedman Anselmo Lindberg LLC,    Po Box 3228,    Naperville, IL 60566-3228
23953775       +Freedman Anselmo Lindberg, LLC,    1771 W. Diehl, Suite 150,    PO Box 3228,
                 Naperville, IL 60566-3228
23953777      #+HSBC,    Po Box 5213,    Carol Stream, IL 60197-5213
23953778       +HSBC,    Attn: CLM FAP,    2929 Walden Avenue,    Depew, NY 14043-2690
23953779       +HSBC Bank Nevada, N.A.,    Attn: Bankruptcy,    Po Box 5213,    Carol Stream, IL 60197-5213
23953776       +Harris,    Harris & Harris, Ltd.,    111 W Jackson Blvd 400,    Chicago, IL 60604-4135
23953780       +Illinois Hardest Hit,    401 North Michigan Avenue,    Chicago, IL 60611-4255
23953781       +Illinois Hardest Hit,    C/O Illinios Housing Developement Agency,    401 North Michigan Avenue,
                 Chicago, IL 60611-4255
23953782       +John C. Bonewicz, P.C.,    350 N. Orleans Street, Suite 300,    Chicago, IL 60654-1607
23953783       +Law Offices of Matthew Wildermuth,    1900 75th Street,    Woodridge, IL 60517-2600
23953785       +Manley Deas Kochalski LLC,    One East Wacker,    Suite 1250,    Chicago, IL 60601-1980
23953784       +Manley Deas Kochalski LLC,    One East Wacker,    Suite 1730,    Chicago, IL 60601-1980
23953791       +Midland Funding,    2365 Northside Dr,    Suite 300,    San Diego, CA 92108-2709
23953793       +Midland Funding, LLC,    C/O Illinois Corporation Service,    801 Adlai Stevenson Drive,
                 Springfield, IL 62703-4261
23953796       +Neighborhood Housing Service,    320 E. McDowell Road, Suite 120,    Phoenix, AZ 85004-4515
23953797       +Neighborhood Lending Services,    1 Corporate Drive, Suite 360,    Lake Zurich, IL 60047-8945
23983669        Neighborhood Lending Services Inc.,    c/o Manley Deas Kochalski LLC,    P.O. Box 165028,
                 Columbus, OH 43216-5028
23953798       +Neighborhood Lending Services, Inc.,    C/O RA Bruce A. Gottschall,
                 1279 N. Milwaukee Avenue 5th Floor,    Chicago, IL 60622-9360
23953799       +Orchard Bank,    Po Box 17051,    Baltimore, MD 21297-1051
23953800       +Orchard Bank,    PO Box 71104,    Charlotte, NC 28272-1104
23953801       +Peoples Gas,    200 E Randolph Street,    20th Floor,    Chicago, IL 60601-6431
23953802       +Peoples Gas Light & Coke Company,    130 E. Randolph Street,    Chicago, IL 60601-6207
23953804       +Rush University Medical Center,    1653 W. Congress Parkway,    Chicago, IL 60612-3833
23953803       +Rush University Medical Center,    1700 W. Van Buren Suite 161,    Chicago, IL 60612-3228
23953805       +Rush University Medical Group,    76 Remittance Drive,    Ste 1611,    Chicago, IL 60675-1000
23953806       +Shindler Law Firm,    1990 E. Algonquin Road,    #180,    Schaumburg, IL 60173-4164
23953807       +Steven J Fink And Associates,    25 E. Washington Street,    Suite 1233,    Chicago, IL 60602-1876
23953808       +Trans Union LLC,    P.O. Box 2000,    Chester, PA 19022-2000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23953743       +E-mail/Text: ACF-EBN@acf-inc.com Jan 21 2016 01:59:57     Atlantic Credit & Finance Inc.,
                 2727 Franklin Road SW,    Roanoke, VA 24014-1011
23953751       +E-mail/Text: mmeyers@blittandgaines.com Jan 21 2016 02:03:33      Blitt & Gaines, P.C.,
                 661 W. Glenn Avenue,    Wheeling, IL 60090-6017
23953752       +E-mail/Text: ebn@squaretwofinancial.com Jan 21 2016 02:02:28
                 CACH LLC / Square Two Financial,    4340 S. Monaco Street, 2nd Floor,    Denver, CO 80237-3485
23953754       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 21 2016 02:09:11      Capital One, N.A. *,
                 c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
```

```
District/off: 0752-1               User: dgomez              Page 2 of 2                Date Rcvd: Jan 20, 2016
                                   Form ID: pdf003           Total Noticed: 69

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
23953756       +E-mail/Text: bankruptcy@cavps.com Jan 21 2016 02:02:12      Cavalry Portfolio Services,
                 500 Summit Lake Drive,    Valhalla, NY 10595-2322
23953757       +E-mail/Text: bankruptcy@cavps.com Jan 21 2016 02:02:13      Cavalry SPV I, LLC,
                 500 Summit Lake Drive Suite 400,    Valhalla, NY 10595-1340
23953765       +E-mail/Text: lbankruptcy@cookcountytreasurer.com Jan 21 2016 02:02:01
                 Cook County Treasurer's Office,    118 North Clark Street, Room 112,    Chicago, IL 60602-1590
23953766       +E-mail/Text: electronicbkydocs@nelnet.net Jan 21 2016 02:01:41      Department of Education,
                 121 S. 13th Street,    Lincoln, NE 68508-1904
24114647       +E-mail/Text: ISAC.Bankruptcy@ISAC.illinois.gov Jan 21 2016 02:00:03
                 Illinois Student Assistance Commission,    1755 Lake Cook Rd,   Deerfield IL 60015-5209
23953788       +E-mail/Text: bkr@cardworks.com Jan 21 2016 01:59:43      Merrick Bank,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
23953786       +E-mail/Text: bkr@cardworks.com Jan 21 2016 01:59:43      Merrick Bank,   Po Box 9201,
                 Old Bethpage, NY 11804-9001
23953787       +E-mail/Text: bkr@cardworks.com Jan 21 2016 01:59:43      Merrick Bank,
                 10705 S Jordan Gateway #200,    South Jordan, UT 84095-3977
23953790       +E-mail/Text: bankruptcydpt@mcmcg.com Jan 21 2016 02:01:16      Midland Credit Management, Inc.,
                 8875 Aero Drive Suite 200,    San Diego, CA 92123-2255
23953789       +E-mail/Text: bankruptcydpt@mcmcg.com Jan 21 2016 02:01:16      Midland Credit Management, Inc.,
                 8875 Aero Drive,    San Diego, CA 92123-2255
23953792       +E-mail/Text: bankruptcydpt@mcmcg.com Jan 21 2016 02:01:16      Midland Funding,
                 8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
23953795       +E-mail/PDF: pa_dc_claims@navient.com Jan 21 2016 01:54:56      Navient,   PO BOx 9635,
                 Wilkes Barre, PA 18773-9635
23953794       +E-mail/PDF: pa_dc_claims@navient.com Jan 21 2016 01:54:54      Navient,   Attn: Claims Dept,
                 Po Box 9500,    Wilkes-Barr, PA 18773-9500
                                                                                              TOTAL: 17

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
24120822*       Neighborhood Lending Services, Inc.,    c/o Manley Deas Kochalski LLC,   P.O. Box 165028,
                 Columbus, OH 43216-5028
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 22, 2016                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 19, 2016 at the address(es) listed below:
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Paul M Bach    on behalf of Debtor 1 Lola Bell Owens ecfbach@gmail.com,
               ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
               badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
               ress.info
              Todd J Ruchman    on behalf of Creditor   Neighborhood Lending Services, Inc. amps@manleydeas.com
              Tom Vaughn    ecf@tvch13.net, ecfchi@gmail.com
                                                                                             TOTAL: 4
```